UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JIMMY W. MAGEE                                                CIVIL ACTION

VERSUS                                                        NO: 09-0167

ROBERT CROWE, ET. AL                                          UNITED STATES MAGISTRATE
                                                              JUDGE KAREN WELLS ROBY

**ORDER**

Before the Court is a **Motion for Preliminary Injunction and Temporary Restraining Order** (R. Doc. 33) filed by the Plaintiff, Jimmy W. Magee ("Magee"), seeks the issuance of a preliminary injunction order and/or temporary restraining order.

**I.     Background**

This action was filed by the Plaintiff, Jimmy Magee against the defendants Robert Crowe and Warden Topps. (R. Doc. 1) Magee alleges that on November 13, 2008, he had to sleep on the floor of the jail in Dorm B without a mat. (R. Doc. 1) He complains that he continued to sleep on the floor for three additional weeks because of a prison overcrowding problem. (R. Doc.1)

Magee complains that as a result of having to sleep on the floor without a mat, he has sustained major back problems. (R. Doc. 1) He complains that the jail facility was designed to hold only 110 inmates and that Sheriff Crowe's administration continuously houses 175 plus inmates in the prison resulting in overcrowding. (R. Doc. 1)

Magee also alleges that the jail law library contains out of date books with case law that is at least thirty years old. (R. Doc. 1) As a result he complains that the library does not meet the constitutional muster of the U.S. Supreme Court. (R. Doc. 1) He further complains that the prison

officials refuse to provide its inmates with legal copies of motions and briefs even though the inmate is willing to pay for the copying costs. Magee also complains about jail conditions, medical care, the failure to provide a disciplinary hearing before stripping its inmates of privileges and recreation.

The Plaintiff also complains that he has been attacked by Topps and two other officers and presumably he wants an order from the court enjoining their conduct. In support of the Motion, Magee attached his declaration indicating that since he filed his lawsuit he was criminally charged in retaliation for filing this suit and now he feels that his life is in danger.

## II.    Standard of Review

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part:

(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In order for Magee to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. General Motors Corp.,* 328 F.3d 192, 196-197 (5th Cir.2003), citing *Canal Auth. v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974); *Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir.1991), citing *Allied Marketing Group, Inc. v. CDL Marketing, Inc.,* 878 F.2d 806, 809 (5th Cir.1989).

Magee alleges that he is still being denied access to the courts because the jail does not have

legal assistance. However, it is clear that the absence of a legal assistant has not hindered his ability to file motions to assert his claims for relief. Further he does not allege how the absence of a legal assistant has hindered his right of access to courts.[1]

Magee further complains that he is still being subjected to poor prison conditions and denial of proper medical care. In his declaration, Magee complains that because the jail was not clean, he suffered a staff infection. As a result he requested medical attention and "very little" was done and his prescriptions were on many times given to other inmates. (R. Doc. 33.) The Plaintiff must therefore show that he has a medical condition which is likely to become significantly worse without some definite course of treatment. In this case, the Plaintiff makes no such allegation. The Court finds that this complaint lodged by Magee clearly arises out of a disagreement with the type of treatment in many respects and he also does not allege how the instances in which his medication was given to other inmates caused him irreparable injury. *Norton v. Dimazana,* 122 F.3d 286, 291 (5th Cir.1997).

Further, he complains that he is being forced to sleep on the floor of the parish jail. Again, he does not provide any proof that or allegation that sleeping on the floor has caused an irreparable injury. He does note in his complaint that he suffers with back pain, however it is unclear whether the pain he experiences continues because he failed to mention any additional problem in his declaration.

Finally, Magee alleges that he was attacked by Topps and two other defendants in retaliation for filing his lawsuit. He complains that he is being criminally charged in retaliation for filing the suit. He alleges that he believes that his life is in danger. However, anticipated future beatings by

---

[1] Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson,* 3 F.3d at 821; Lewis v. Casey, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana,* 122 F.3d at 290; and Eason v. Thaler, 73 F.3d 1322, 1329 (5th Cir.1996). Of course, prisoners possess no constitutionally-protected right to file frivolous lawsuits. See *Johnson v. Rodriguez,* 110 F.3d 299, 310-13 & 316 (5th Cir.1997), *cert. denied,* 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).

correctional officer is not sufficient to show irreparable harm. See also *Garcia v. Arevalo,* 1994 WL 383238 *2 (S.D.N.Y.1994) (holding that allegations of anticipated future beatings by correctional officers insufficient to show irreparable harm). He further does not allege the nature of the injury he received such that a determination that the threat of the injury outweighs the threat of harm.

**IT IS THEREFORE ORDERED** that the **Motion for Preliminary Injunction and Temporary Restraining Order (R. Doc. 33)** is **DENIED.**

New Orleans, Louisiana, this 20th day of October 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**